SPARTAN, The (DRINKWATER v.). See Case No. 4,085.

SPARTAN, The (POLAND v.). See Case No. 11,246.

SPAUGH (VOGLER v.). See Case No. 16,-988.

## Case No. 13,215.

### The SPAULDING.

[Brown's Adm. 310.] [1]

District Court, E. D. Michigan. June, 1871.

MARITIME LIENS—MARSHALING OF PROCEEDS—SALVAGE—GENERAL AVERAGE.

1. In a distribution of proceeds, salvage services, rendered in getting a vessel off a reef, are entitled to priority of payment as against a claim for general average arising from the jettison of a portion of her cargo.

2. The fact that one of the salvors had the promise of a third party to pay him if he could not collect from the vessel, does not oust him of his priority.

Motion for distribution of proceeds.

The schooner was sold, pendente lite, on the original libel of Ballentine and McAlpine, and the proceeds brought into court, and now remain in the registry. Five intervening libels were filed against the vessel. The one first filed was by the Security Insurance Company of New York, and the Buffalo Insurance Co. of Buffalo, for general average on account of the jettison of a quantity of corn. The other four intervening libels were filed subsequently and simultaneously, as follows: By Wolverton for salvage services in getting the schooner off from a reef where she lay sunken and in a damaged condition, and bringing her to

---

1 [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

Detroit. By Campbell and Owen, for repairs to keep her afloat. By Desorell and Hutton, for use of wharf for same purpose. By Keith and Company, in part, for storage of a portion of the schooner's furniture and rigging. The proceeds were not sufficient to pay all the claims, and the contest was as to priority as between the intervening libellants first named, and the other four.

It appeared that in order to get the schooner off the reef, it was necessary to pump the water out of her hold, and that the loss of the corn upon which the claim for general average was based, was caused by the same being pumped out with the water. It was contended: (1) That as the jettison of the corn was a necessary consequence of the measures adopted for saving the vessel, the claim of libellants on account thereof is really a salvage claim, and hence of equal rank with the other four; and (2) That the libel for the same having been first filed, it should be first paid. (3) At all events being of equal rank, it should be paid pro rata with the others.

H. B. Brown, for insurance companies.

The vessel being ashore upon the reef, any expense incurred in getting her off must be contributed for in general average, and is essentially a salvage claim. We claim for the jettison of the corn which lighted the vessel and enabled Wolverton with his steam pump, to get her off. These are both salvage claims and are of equal rank. But we are entitled to priority of payment because our libel was first filed. The Globe [Case No. 5,483]; The Triumph [Id. 14,182]; The Adele [Id. 78]. Claims for salvage take precedence of all others except seamen's wages. Lewis v. The Elizabeth & Jane [Id. 8,321]; The Paragon [Id. 10,708]: The St. Jago de Cuba, 9 Wheat. [22 U. S.] 409.

As against Campbell & Owen's libel, we are also entitled to priority from the fact that Dorr promised to pay for the repairs himself in case they could not be realized out of the vessel. They were made partly, at least, upon his credit, and we are entitled to the benefit of that in distribution. 16 Law Rep. 13.

W. A. Moore, for intervening libellants.

LONGYEAR, District Judge. It was conceded on the argument, and such is undoubtedly the law, that the lien for salvage takes precedence of the lien for general average. The libel of the insurance companies in this case is in terms for general average, and I can see nothing in the circumstances of the case to warrant the court in holding it to be anything else, even if the libel had been otherwise. Without the salvage services the whole was a loss. With the salvage services the loss is reduced to a part only. In the former case there would have been nothing left upon which a lien for general average could attach. In the latter case it has something upon which it may attach, solely because of the salvage

services; and it would be not only contrary to the general rule of law above stated, but unjust and inequitable to place such lien as to the part thus saved, upon the same footing, as to precedence, as the lien for the salvage services.

It was also claimed as to one of the libels, that of Campbell and Owen, that the libellants had the promise of one Dorr, that he would pay them for the repairs done by them if they could not realize the same out of the vessel, and that their claim being thus otherwise secured, the court will not enforce their lien upon the vessel to the detriment of other lien holders. Dorr's promise was conditional, and it is not operative until Campbell and Owen have first exhausted their remedy against the vessel, which by their libel they are now seeking to do. The rule contended for therefore, although a correct one, does not apply to this case.

I hold, therefore, that the respective claims of the several libellants, Wolverton, Campbell and Owen, and Desotell and Hutton, in whole, and the claim of Keith and Co., in part (as to which adjudication has been heretofore made), together with the costs of each, must be first paid before the claims of the Security and Buffalo Insurance Companies, and that those claims must be paid pro rata, share and share alike, in case there is not sufficient to pay the whole. In view of the disposition which has been made of the first proposition on behalf of the insurance companies, consideration of their other two propositions has become unnecessary. Ordered accordingly.